UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANNY EUGENE MCDOWELL,

    Plaintiff,

v.

    Civil Action No. 2:24-CV-10382
    HONORABLE PAUL D. BORMAN

RAPHAEL WASHINGTON, et. al.,

    Defendants.
_____/

**OPINION AND ORDER
(1) DENYING AS MOOT PLAINTIFF'S MOTION TO EXPEDITE SCREENING (ECF No. 5),
(2) GRANTING PLAINTIFF'S MOTION TO ORDER CUSTODIANS TO SET ASIDE 20% OF PLAINTIFF'S FUTURE DEPOSITS TO PLAINTIFF'S ACCOUNT (ECF No. 8),
(3) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (ECF No. 4),
(4) DENYING AS MOOT PLAINTIFF'S MOTIONS TO ORDER WAYNE COUNTY JAIL TO PROVIDE CERTIFIED TRUST ACCOUNT STATEMENTS AND GRIEVANCES TO PLAINTIFF (ECF Nos. 9, 10),
(5) DENYING PLAINTIFF'S MOTION FOR COUNSEL (ECF No. 3), AND
(6) GRANTING PLAINTIFF'S MOTION FOR SERVICE (ECF No. 11) AND DIRECTING MAGISTRATE JUDGE DAVID R. GRAND TO ISSUE A SEPARATE ORDER DIRECTING SERVICE OF THE COMPLAINT ON THE DEFENDANTS**

Plaintiff Danny Eugene McDowell is an inmate confined at the Wayne County Jail in Detroit, Michigan, who has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Wayne County Jail officials have unconstitutionally suspended recreational time, that there have been delays in receiving mail and a denial of access to the courts, and lastly, that the jail has

inadequate heating due to a faulty ventilation system. Before the Court are Plaintiff's pending motions.

### A. Plaintiff's Motion to Expedite Screening, Service, and a Preliminary Injunction (ECF No. 5) is DENIED AS MOOT

Plaintiff moved for expedited screening and service of the Complaint. The Court has screened the Complaint and believes that the allegations, if true, state a claim for relief. The Court will direct Magistrate Judge David R. Grand to issue a separate order directing service. Plaintiff's motion for expedited screening and for service is denied as moot. *See e.g. Ewing v. Wayne Cnty. Sheriff,* No. 2:22-CV-11453, 2023 WL 2667732, at *3 (E.D. Mich. Mar. 28, 2023). The Court denies the motion for a preliminary injunction; any such motion to expedite the ruling for that motion is likewise denied as moot.

### B. Plaintiff's Motion to Order Plaintiff's Custodians to Set Aside 20% of Plaintiff's Future Deposits to His Accounts (ECF No. 8) is GRANTED

Under the Prison Litigation Reform Act ("PLRA"), a prisoner may bring a civil action *in forma pauperis* if he files an affidavit of indigency and a certified copy of the trust fund account statement for the six-month period immediately preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a).

Plaintiff filed an application to proceed without prepaying fees or costs, along with a computerized trust fund account statement that, by his own admission, does not include a signed certification as required by 28 U.S.C. § 1915(a)(2). (ECF

2

No. 2.) Magistrate Judge Grand issued a deficiency order requiring plaintiff to provide this Court with a true and certified trust fund account statement in order for the Court to grant him permission to proceed without prepayment of fees and costs. (ECF No. 6.)

Plaintiff in his response to the order of deficiency claims that jail officials refuse to provide him with a certified trust fund account statement. (ECF No. 8.) Plaintiff also moves for the Court to order his jail custodian to set aside twenty percent (20%) of all future deposits to Plaintiff's accounts. (*Id.*) In the motion, Plaintiff alleges that he requested certified trust fund account statements from the jail but did not receive a version that he could provide to the Court and that he filed grievances regarding the issue. In light of his futile efforts to obtain the trust fund account statement, Plaintiff requests that the Court order the jail custodian to set aside monthly payments of twenty percent (20%) of the preceding month's income credited to his account.

A district court has the discretion to grant or deny a plaintiff's application to proceed in forma pauperis. *See Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988). Ordinarily, the Court will not consider an *in forma pauperis* application unless it is accompanied by a certified copy of the plaintiff's trust fund account statement. However, given that Plaintiff alleges that he has made diligent, unsuccessful efforts

to submit his trust fund account statement and has submitted affidavits of indigency, the Court will allow Plaintiff to proceed *in forma pauperis*.

Accordingly, **IT IS ORDERED** that Plaintiff's motion to order custodians to set aside twenty percent (20%) of all future deposits to Plaintiff's account is **GRANTED**. Plaintiff will proceed *in forma pauperis*. The Court must assess and, if funds exist, collect an initial partial filing fee, consisting of twenty percent (20%) of the greater of (1) the average monthly deposits to Plaintiff's account, or (2) the average monthly balance in Plaintiff's account for the preceding six (6) months. The initial partial filing fee in this case is $0.00. After Plaintiff pays the initial partial filing fee, Plaintiff must make monthly payments of twenty percent (20%) of the preceding month's income credited to Plaintiff's account. 28 U.S.C. § 1915(b)(2).

The Court further **ORDERS** the agency having custody of Plaintiff to: (1) withdraw or set aside the initial partial filing fee from Plaintiff's trust fund account; (2) forward this amount to the Clerk of this Court within thirty (30) days of the date of this Opinion and Order; and (3) in subsequent months, or from time to time, forward payments of twenty percent (20%) of the preceding month's income credited to Plaintiff's account to the Clerk of this Court until Plaintiff has paid the entire filing fee.

### C. Plaintiff's Motion for a Preliminary Injunction (ECF No. 4) is DENIED WITHOUT PREJUDICE

Plaintiff filed a Motion for a Preliminary Injunction. (ECF No. 4.)

Under Fed. R. Civ. P. 65(a)(1), "[t]he court may issue a preliminary injunction only on notice to the adverse party." Plaintiff's Motion for Injunctive Relief is premature because the defendants have not yet been served. *Wilson v. Michigan*, No. 1:21-CV-913, 2021 WL 6233231, at *1 (W.D. Mich. Oct. 29, 2021). "When a preliminary injunction is sought under Rule 65(a), service of the summons and the complaint is required." *Id.* Plaintiff's Motion for Injunctive Relief is denied without prejudice to him renewing the motion after the defendants have been served.

### D. Plaintiff's Motions to Order Defendants to Provide a Certified Trust Fund Account Statement and Grievances (ECF Nos. 9, 10) are DENIED AS MOOT

Plaintiff has filed a motion for the Court to Order the Defendants to Provide him with a Certified Trust Fund Account Statement (ECF No. 9) and a Motion for the Defendants to Provide him with his Grievances (ECF No. 10).

These motions primarily pertain to Plaintiff's status as a pauper. The Court will deny the motions as unnecessary and moot because the Court has granted in *forma pauperis* status to Plaintiff. *Ewing v. Wayne Cnty. Sheriff*, 2023 WL 2667732, at *3.

### E. Plaintiff's Motion for the Appointment of Counsel (ECF No. 3) is DENIED

The Court denies Plaintiff's motion for the appointment of counsel (ECF No. 3). Although there is a fundamental constitutional right to counsel in criminal cases, there is no constitutional right to appointed counsel in a civil case. *Abdur-Rahman v. Michigan Dep't of Corrections,* 65 F.3d 489, 492 (6th Cir. 1995). Plaintiff also does not have a statutory right to the appointment of counsel in a federal civil rights case. *See Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996). Plaintiff's motion is denied without prejudice to Plaintiff renewing the motion after service has been directed on the defendants.

### F. The Court GRANTS Plaintiff's Motion for Service (ECF No. 11)

Plaintiff has moved for the Court to appoint the U.S. Marshal to direct service of the complaint upon the defendants (ECF No. 11).

Where a plaintiff is proceeding *in forma pauperis*, the district court must bear the responsibility for issuing the plaintiff's process to a United States Marshals Office, who must affect service upon the defendants once the plaintiff has properly identified the defendants in the complaint. *Byrd v. Stone*, 94 F.3d 217,

219 (6th Cir. 1996); Fed. R. Civ. P. 4(c)(2); 28 U.S.C. § 1915(d).  The Court will order Magistrate Judge David R. Grand to separately issue an order to the United States Marshals Office to direct service by serving the complaint.

**SO ORDERED.**


Dated: March 19, 2024                    s/ Paul D. Borman
                                         Paul D. Borman
                                         United States District Judge