UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DANNY EUGENE MCDOWELL,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>RAPHAEL WASHINGTON,<br>*et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 24-10382<br>Honorable Paul D. Borman<br>Magistrate Judge Elizabeth A. Stafford |

## ORDER GRANTING PLAINTIFF'S MOTION TO IDENTIFY UNKNOWN DEFENDANTS THROUGH DISCOVERY (ECF NO. 20)

　　Plaintiff Danny Eugene McDowell filed this pro se prisoner civil rights complaint against Raphael Washington, Robert Dunlap, and five John Doe defendants. ECF No. 1.[1] The five defendants not identified by name are Unknown Wayne County Jail Commander, Unknown Chief Executive Officer of Wayne County, Unknown Administrator of the Wayne County Jail, Unknown Wayne County Jail Grievance Coordinator, and Unknown Wayne County Jail Mailroom Clerk/Supervisor. *Id.*, PageID.4-5.

---

[1] The Honorable Paul D. Borman referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 16.

Because McDowell is proceeding in forma pauperis, the Court directed the United States Marshal Service to effect service on the defendants at the addresses provided in the complaint pursuant to 28 U.S.C. § 1915(d).  ECF No. 13.  While waivers of service were returned executed for Washington and Dunlap, the John Doe defendants were not served.  ECF No. 14; ECF No. 15.

The Court thus ordered "McDowell to properly identify the five 'Unknown' defendants and provide their addresses," noting that it is his duty to identify the unnamed defendants.  ECF No. 18, PageID.85; see *Spencer v. Bynum*, No. 13-13056, 2013 WL 4041870, at *2 (E.D. Mich. Aug. 8, 2013) ("Where a plaintiff is proceeding *in forma pauperis*, the district court must bear the responsibility for issuing the plaintiff's process to a United States Marshal's Office, who must effect service upon the defendants *once the plaintiff has properly identified the defendants in the complaint*.") (cleaned up)).  The Court warned that failure to identify the unknown defendants and provide their addresses "may result in the unidentified defendants being dismissed from this suit for failure to timely serve under Fed. R. Civ. P. 4(m) and/or for failure to prosecute pursuant to Fed. R. Civ. P. 41(b)."  ECF No. 18, PageID.85 (cleaned up).

McDowell responded to the show cause order and moved to identify the John Doe defendants through discovery, citing *Yates v. Young*, 772 F.2d 909 (6th Cir. 1985) (unpublished table decision).  *Yates* permits a plaintiff to use the 'John Doe' designation "when the identity of the alleged defendant is not known at the time the complaint is filed and plaintiff could identify defendant through discovery."  *Yates*, 772 F.2d at 909; *see also Palladeno v. Mohr*, No. 20-3587, 2021 WL 4145579, at *3 n.3 (6th Cir. Sept. 13, 2021) (citing *Yates* and noting that "[t]he presence of John Doe defendants is not fatal to a claim.").  But a "plaintiff must substitute named defendants for those unknown defendants after the completion of discovery."  *Strunk v. Liberty Ins. Corp.*, No. 5:18-CV-288-JMH, 2019 WL 724430, at *2 (E.D. Ky. Feb. 20, 2019) (quoting *Simmons v. District of Columbia*, 750 F. Supp. 2d 43, 45 (D.D.C. 2011)).

Thus, the Court **GRANTS** McDowell's motion, ECF No. 20, to allow him an opportunity to learn the names of the John Doe defendants through discovery.  The Court **ORDERS** McDowell to, **by July 26, 2024**, move to amend his complaint—naming the five John Doe defendants and describing the claims against them—or show good cause for his failure to do so.  Failure to amend his complaint and name the defendants may result in their dismissal from the action.

3

**IT IS ORDERED.**

                                                         s/Elizabeth A. Stafford
                                                       ELIZABETH A. STAFFORD
                                                       United States Magistrate Judge

Dated: May 30, 2024

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served on counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 30, 2024.

                                                        s/Marlena Williams
                                                        MARLENA WILLIAMS
                                                        Case Manager