UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANNY EUGENE MCDOWELL,

                    Plaintiff,

v.

RAPHAEL WASHINGTON, *et al.*,

                    Defendants.

Case No. 24-cv-10382
Honorable Brandy R. McMillion
Magistrate Judge Elizabeth A. Stafford

---

**REPORT AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (ECF NO. 24)**

---

Plaintiff Danny Eugene McDowell, a pro se prisoner, brings this civil rights action under 42 U.S.C. § 1983, about the conditions of his confinement at the Wayne County Jail.  ECF No. 1.  The Honorable Brandy R. McMillion referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 23.

McDowell moves for default judgment against Defendants Raphael Washington and Robert Dunlap for failing to answer the complaint.  ECF No. 24.  But the Prison Litigation Reform Act (PLRA) states that "[a]ny defendant may waive the right to reply to any action brought by a prisoner under section 1983" and that "such waiver shall not constitute an admission

of the allegations contained in the complaint," and "[n]o relief shall be granted to the plaintiff unless a reply has been filed."  42 U.S.C. § 1997e(g)(1).  A court may order a defendant to respond to such a suit "if it finds that the plaintiff has a reasonable opportunity to prevail on the merits."  *Id.* § 1997e(g)(2).

Because McDowell is a prisoner challenging he conditions of his confinement and the Court has not ordered defendants to answer the complaint, default judgment is inappropriate.  *See, e.g.*, *Aaron v. Dyer*, No. 15-cv-11014, 2016 WL 1698399, at *2 (E.D. Mich. Apr. 28, 2016).  The Court thus **RECOMMENDS** that McDowell's motion for default judgment (ECF No. 24) be **DENIED.**

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: August 19, 2024

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

       The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 19, 2024.

s/Donald Peruski
DONALD PERUSKI
Case Manager
