UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANNY EUGENE MCDOWELL,

                    Plaintiff,

v.

RAPHAEL WASHINGTON, *et al.*,

                    Defendants.

Case No. 24-10382
Honorable Brandy R. McMillion
Magistrate Judge Elizabeth A. Stafford

## REPORT AND RECOMMENDATION TO *SUA SPONTE* DISMISS "JOHN DOE" DEFENDANTS

### A.

Plaintiff Danny Eugene McDowell filed this pro se prisoner civil rights complaint against Raphael Washington, Robert Dunlap, and five John Doe defendants. ECF No. 1.[1] The five defendants not identified by name are Unknown Wayne County Jail Commander, Unknown Chief Executive Officer of Wayne County, Unknown Administrator of the Wayne County Jail, Unknown Wayne County Jail Grievance Coordinator, and Unknown Wayne County Jail Mailroom Clerk/Supervisor. *Id.*, PageID.4-5.

---

[1] The Honorable Brandy R. McMillion referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 23.

Because McDowell is proceeding in forma pauperis, the Court directed the United States Marshal Service to effect service on the defendants at the addresses provided in the complaint pursuant to 28 U.S.C. § 1915(d).  ECF No. 13.  While waivers of service were returned executed for Washington and Dunlap, the John Doe defendants were not served.  ECF No. 14; ECF No. 15.  The Court thus ordered "McDowell to properly identify the five 'Unknown' defendants and provide their addresses," noting that it is his duty to identify the unnamed defendants. ECF No. 18, PageID.85; *see Spencer v. Bynum*, No. 13-13056, 2013 WL 4041870, at *2 (E.D. Mich. Aug. 8, 2013) ("Where a plaintiff is proceeding *in forma pauperis*, the district court must bear the responsibility for issuing the plaintiff's process to a United States Marshal's Office, who must effect service upon the defendants *once the plaintiff has properly identified the defendants in the complaint*.") (cleaned up)).

McDowell responded to the show cause order and moved to identify the John Doe defendants through discovery.  ECF No. 20.  The Court granted this motion and ordered McDowell to, by July 26, 2024, move to amend his complaint to name the five John Doe defendants and describe the claims against them, or to show cause for his failure to do so.  ECF No.21, PageID.96.  The Court warned McDowell that failure to amend his

2

complaint and name the defendants could result in the unidentified defendants being dismissed from this suit. *Id*. McDowell filed no amended complaint by the July 26 deadline, and discovery closed in August 2024. ECF No. 22.

**B.**

Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve a defendant within 90 days after filing the complaint. If the plaintiff does not do so, the Court must dismiss the action without prejudice as to the unserved defendant "or order that service be made within a specified time." Rule 4(m). But "courts have made an exception to this rule for cases involving unknown or "John Doe" defendants when discovery will make known the unavailable identity of the defendant." *Strunk v. Liberty Ins. Corp.*, No. 5:18-CV-288-JMH, 2019 WL 724430, at *2 (E.D. Ky. Feb. 20, 2019) (citing *Newdow v. Roberts*, 603 F.3d 1002, 1010 (D.C. Cir. 2010); *Yates v. Young*, 772 F.2d 909 (6th Cir. 1985) (unpublished table decision)). For that reason, the Court granted McDowell's request to conduct discovery to learn the identities of the John Doe defendants. ECF No. 21, PageID.96.

But in the same order, the Court noted that a "'plaintiff must substitute named defendants for those unknown defendants after the completion of

3

discovery.'" *Id*. (quoting *Strunk v. Liberty Ins. Corp.*, No. 5:18-CV-288-JMH, 2019 WL 724430, at *2 (E.D. Ky. Feb. 20, 2019) (cleaned up). Though discovery has closed, McDowell has neither named the John Doe defendants nor otherwise responded to the order.

The Court therefore **RECOMMENDS** that the "John Doe" defendants be **DISMISSED** from this action under Rule 4(m).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: October 17, 2024

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and

recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 17, 2024.

s/Davon Allen
DAVON ALLEN
Case Manager

5