UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANNY EUGENE MCDOWELL,

    Plaintiff,

v.

RAPHAEL WASHINGTON, et. al.

    Defendants.
_____/

Case No. 24-cv-10382

Hon. Brandy R. McMillion

Mag. Judge. Elizabeth A. Stafford

## ORDER ADOPTING RECOMMENDED DISPOSITION OF REPORT AND RECOMMENDATION TO SUA SPONTE DISMISS JOHN DOE DEFENDANTS (ECF NO. 34)

*Pro se* Plaintiff Danny Eugene McDowell, a pretrial detainee in the Wayne County Jail, brings this action against Wayne County Sheriff Raphael Washington, Wayne County Chief Robert Dunlap, and five unknown Wayne County Staff Members, pursuant to 42 U.S.C. § 1983, alleging constitutional violations based on the conditions of confinement at Wayne County Jail. ECF No. 1. The five unknown Wayne County Staff Members are named as John Doe Defendants and serve in the capacity of Wayne County Jail Commander, Chief Executive Officer of Wayne County, Administrator of Wayne County Jail, Wayne County Grievance Coordinator, and Wayne County Jail Mailroom Clerk/Supervisor (collectively, "John Doe Defendants").

1

This matter was originally assigned to the Honorable Paul D. Borman, who referred all pretrial matters to Magistrate Judge Elizabeth A. Stafford. ECF No. 16. On June 27, 2024, this case was reassigned from Judge Borman to the undersigned. The Court re-referred all pretrial matters to Judge Stafford. ECF No. 23.

On October 17, 2024, in a Report and Recommendation ("R&R"), the Magistrate Judge recommended that the Court *sua sponte* dismiss all John Doe Defendants because despite several requests to do so, McDowell failed to identify the defendants for service. ECF No. 34. At the end of the R&R, the Magistrate Judge advised the parties that to seek review of her recommendation, they had to file specific objections with the Court within 14 days of service of the R&R. *Id.* at PageID.150-151.

As of the date of this order, November 19, 2024—33 days since the Magistrate Judge filed the R&R—neither party has filed objections to the R&R or contacted the Court to ask for more time to file objections.

The failure to object to an R&R releases the Court from its duty to independently review the matter. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also Ivey v. Wilson*, 832 F.2d 950, 957-58 (6th Cir. 1987) (explaining that a party's failure to timely object to a report and recommendation allows a court to accept the recommendation "without expressing any views on the merits of the magistrate's conclusions"). Similarly, failure to object to an R&R forfeits any further right to

appeal. *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (recognizing that a party forfeits their right to appeal by failing to timely file objections to an R&R).

Accordingly, because neither party objected to the R&R, **IT IS HEREBY ORDERED** that the Magistrate Judge's recommendation to sua sponte dismiss the John Doe Defendants (ECF No. 34) is **ADOPTED**.

**IT IS ORDERED** that all claims against the John Doe Defendants are hereby **DISMISSED**.

**IT IS SO ORDERED.**

Dated: November 18, 2024                    s/Brandy R. McMillion
                                            Hon. Brandy R. McMillion
                                            United States District Judge