UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DANNY EUGENE MCDOWELL,<br><br>         Plaintiff,<br><br>v.<br><br>RAPHAEL WASHINGTON,<br>*et al.*,<br><br>         Defendants. | Case No. 24-10382<br>Honorable Brandy R. McMillion<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO
GRANT DEFENDANTS' MOTION TO DISMISS
(ECF NO. 38)**

## I. Introduction

Plaintiff Danny Eugene McDowell, a pretrial detainee of Wayne County Jail, filed this pro se complaint against Raphael Washington, Robert Dunlap, and five John Doe defendants under 42 U.S.C. § 1983. ECF No. 1. McDowell alleged violations of his constitutional rights, claiming that he was deprived of recreational time and adequate heating and ventilation; that a John Doe mailroom clerk interfered with his access to the court by failing to timely distribute legal mail; and that a John Doe grievance coordinator conspired to restrict his right to file grievances. *Id*., PageID.6-7.

The five John Doe defendants were dismissed in November 2024, leaving Washington and Dunlap.  ECF No. 37.

The Honorable Brandy R. McMillion referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 23.  Washington and Dunlap moved to dismiss and for summary judgment under Federal Rules of Civil Procedures 12(b)(6) and 56, which McDowell opposed.  ECF No. 38; ECF No. 43.  The Court **RECOMMENDS** that defendants' motion to dismiss under Rule 12(b)(6) be **GRANTED** because McDowell did not plead Washington's or Dunlap's personal involvement in the alleged constitutional violations, nor plead facts showing that they are liable for failure to supervise or train Wayne County employees.

## II.     Analysis

When McDowell filed his complaint in 2024, Washington was the Wayne County Sheriff and Dunlap was the Chief of Jails.  Defendants note that McDowell alleged no personal involvement of Washington or Dunlap in his complaint.  ECF No. 38, PageID.165-166.  They argue, "This omission alone is sufficient enough to warrant dismissal under Rule 12(b)(b)." *Id.*, PageID.165.  The Court agrees.

A motion to dismiss under Rule 12(b)(6) tests a complaint's legal sufficiency.  "To survive a motion to dismiss, a complaint must contain

2

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

In deciding whether a plaintiff has set forth a plausible claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. *Iqbal*, 556 U.S. at 678. But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *id.*, and the Court has no duty to create a claim not spelled out in the pleadings, *Freightliner of Knoxville, Inc. v. DaimlerChrysler Vans, LLC*, 484 F.3d 865, 871 n.4 (6th Cir. 2007). Pleadings filed by pro se litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers, but such complaints still must plead a plausible claim for relief.

3

*Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012); *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007).

To state a cognizable claim under Section 1983, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Pineda v. Hamilton Cnty., Ohio*, 977 F.3d 483, 490 (6th Cir. 2020) (each defendant must be personally involved in the unconstitutional action). And a party cannot be liable under § 1983 based on respondeat superior. *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 691 (1978). True, supervisory personnel may be held individually liable for failure to adequately supervise, control, or train employees. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976). But to maintain such a claim, it is not enough that a supervisor simply had the "right to control employees." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Rather, a plaintiff must properly allege facts showing a "causal connection" between the alleged misconduct of employees and actions of supervisors demonstrating their endorsement of the unconstitutional conduct. *Rizzo*, 423 U.S. at 371.

To establish such a causal connection, the official must have either "encouraged the specific incident of misconduct or in some other way directly participated in it*.*" *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.

1984); see also *Hays v. Jefferson County, Ky*., 668 F.2d 869, 874 (6th Cir. 1982) ("At a minimum, a plaintiff must show that the official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending officers").

Here, McDowell asserts only that Washington and Dunlap had "a duty to train and supervise Wayne County Jail employees provide the basic 'necessities' of to inmates." ECF No. 1, PageID.7. McDowell then claims that Washington and Dunlap "failed to implement a policy and procedure that enforces a recreational/exercise schedule for inmates" or to "provide adequate heating and ventilation." *Id*. Because McDowell pleaded no facts showing that Washington or Dunlap encouraged or implicitly authorized unconstitutional conduct, the claims against them should be dismissed.

### III. Conclusion

The Court **RECOMMENDS** that defendants' motion for dismiss (ECF No. 38) be **GRANTED**.

s/Elizabeth A. Stafford<br>ELIZABETH A. STAFFORD<br>United States Magistrate Judge

Dated: July 8, 2025

5

## **NOTICE TO THE PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 8, 2025.

                                      s/Davon Allen
                                      DAVON ALLEN
                                      Case Manager